UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUKADIEN MOULTRIE,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, A.M.K.C.,

                Defendants.

21-CV-3935 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that when he was in the custody of the New York City Department of Correction (DOC), in November 2020, another DOC prisoner assaulted him. Plaintiff has since been released from DOC custody. By order dated June 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts in his complaint:

I Mukadien Moultrie was in [the Anna M. Kross Center (AMKC)] C-95 on Rikers Island in housing area 13 upper and 1 top. I was punched in the face while I was supposed to be watched by D.O.C. On 11-27-20 and on 11-30-20 and under the Department of Corrections law they are supposed to be about care c[u]stody and control. . . . .

[I] suffered pain on my left side of my face also on my right side of face.

(ECF 2 at 5.)

Medical personnel treated Plaintiff's injuries with acetaminophen. (*Id.* at 6.) Plaintiff brings this action against the DOC, seeking damages.

2

## DISCUSSION

A.  **New York City Department of Correction**

Plaintiff's claims against the DOC must be dismissed because, as an agency of the City of New York, the DOC is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Instead, any claims that Plaintiff wishes to assert against the DOC must be brought against the City of New York.

When a plaintiff sues a municipality such as the City of New York under section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, Plaintiff fails to plead any facts suggesting that a policy, custom, or practice of the City of New York caused a violation of

his rights. Plaintiff thus fails to state a section 1983 on which relief can be granted against the City of New York.

**B.     Failure to Protect**

Plaintiff alleges that defendant violated his constitutional rights by failing to protect him from assault. A pretrial detainee's claim of deliberate indifference to his safety arises under the Due Process Clause of the Fourteenth Amendment.[1] *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a prisoner must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to

---

[1] It appears from other documents of which the Court can take judicial notice, that Plaintiff was detained as a parole violator in November 2020, when the claims asserted here arose. *See Moultrie v. Wright*, ECF 1:21-CV-3925, 2 (S.D.N.Y). Although the Second Circuit has not resolved the issue, district courts in this Circuit generally analyze deliberate indifference claims made by detained parolees as arising under the Fourteenth Amendment. *See Blanch v. Schiff*, No. 18-CV-838 (NSR), 2021 WL 1177743, at *9 (S.D.N.Y. Mar. 26, 2021) ("The Second Circuit has not definitively addressed whether individuals detained for parole violations fall under the Eighth or Fourteenth Amendment. *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020). However, multiple courts within this circuit have held that that parolees fall under the Due Process Clause of the Fourteenth Amendment."); *Ruggiero v. Cnty of Orange*, No. 19-CV-3632, 2020 WL 5096032, at *8 (S.D.N.Y. Aug. 28, 2020) ("[S]ome courts have held probation violators are akin to pretrial detainees and thus analyzed their claims under the more lenient Due Process Clause of the Fourteenth Amendment"). Here, it is not necessary to resolve this issue, given that Plaintiff fails to state a claim even under the more lenient Due Process standard.

impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The negligence of a jail official is not a basis for a section 1983 claim for a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Plaintiff has not alleged facts sufficient to state a section 1983 claim for defendants' failure to protect him from another prisoner's attack. First, as to the objective element, where a claim is based on the defendants' failure to prevent harm, the plaintiff must plead and eventually prove that he is "incarcerated under conditions posing a substantial risk of serious harm." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). For example, a plaintiff who alleges that he was housed with rival gang members, or with a prisoner who had previously threatened him, pleads facts showing that he faced conditions imposing a substantial risk of serious harm. Plaintiff does not allege any facts showing that he faced an objectively serious risk of harm. Plaintiff mentions two different dates on which the assault(s) took place – November 27, 2020, and November 30, 2020 – and it is unclear if there were two separate incidents. If, for example, Plaintiff was rehoused with a prisoner who had assaulted him and was assaulted a second time, such facts could show that Plaintiff was in a situation that posed a risk of serious harm.

As to the mental element of a deliberate indifference claim, nothing in the complaint suggests that anyone employed by DOC "knew or should have known," *Darnell*, 849 F.3d at 35, that the prisoner who punched Plaintiff posed an excessive risk to Plaintiff's health or safety. Plaintiff's allegations thus fail to satisfy this state-of-mind element.

Moreover, to state a claim under section 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Plaintiff has not pleaded facts showing that any individual knew or should have known of the serious risk of harm to Plaintiff and was deliberately indifferent to that risk. Because Plaintiff's allegations do not show that any individual was personally involved in violating his rights, Plaintiff fails to state a section 1983 claim on which relief can be granted for deliberate indifference to a risk to him of serious harm.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he faced an objectively serious risk of harm and that defendants knew or should have known of that risk but failed to take reasonable steps to protect him.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for deliberate indifference, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

7

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3935 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the section 1983 claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction over the state law claims.

SO ORDERED.

Dated:   July 2, 2021
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State            Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____